NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0098n.06

No. 25-1389

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Feb 27, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| ETHAN ENNES, by and through his guardian, Dan Moran, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) ) | |
| PRESQUE ISLE COUNTY, MICHIGAN; DAVE SCHMOLDT, | ) ) ) | OPINION |
| Defendants-Appellees. | ) ) | |

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, J., delivered the opinion of the court in which BUSH and NALBANDIAN, JJ., concurred. BUSH, J. (pp. 9–10), delivered a separate concurring opinion.

KETHLEDGE, Circuit Judge. Ethan Ennes, a mentally challenged teenager, had a violent outburst in his classroom. Teachers called the school police officer, Dave Schmoldt, to the room. Schmoldt tried to calm Ennes, but soon they were wrestling on the floor. Ennes later sued Schmoldt for excessive force, false arrest, and a variety of state-law torts. Ennes also sued Presque Isle County, alleging that it had failed to train and supervise Schmoldt. The district court granted summary judgment to the defendants. We affirm.

I.

Although Schmoldt denies many of Ennes's allegations—including many of those recited below—we view the record in the light most favorable to the plaintiff. *Gambrel v. Knox County*, 25 F.4th 391, 400 (6th Cir. 2022).

Ethan Ennes suffers from severe mental and physical disabilities, including cerebral palsy and autism. His mind functions at the level of a seven-year-old's. From elementary through high school, Ennes attended a special-education program in the Cheboygan, Otsego, Presque Isle Educational School District.

Ennes had a history of outbursts in school. For example, in September 2019 Ennes became violent after a teacher reprimanded him for unruly behavior. Ennes slapped the teacher, threatened to stab him, and then started rummaging through the drawers of the classroom kitchenette. The teacher evacuated the other students and called Schmoldt, a Deputy for the Presque Isle County Sheriff's Department, who worked as the school's safety officer. Schmoldt helped to defuse the situation but recommended that prosecutors charge Ennes for assault and battery. The county prosecutor charged Ennes, but later dropped the charges out of concern that Ennes was not competent to stand trial.

In February 2021, Ennes—then 18 years old—had another outburst. That day—which is the day at issue here—Ennes grew angry that he was unable to visit a friend. Ennes began to scream and throw objects, so his teacher used an emergency codeword, alerting a teaching assistant that they needed to evacuate the other students into the hallway. In the classroom, Ennes flipped a table, smashed a phone against the wall, and then turned his attention to his teacher. Ennes said, "Now I'm going to take care of you," as he threw a pair of scissors at her. The teacher called Schmoldt for help, telling him that "there was a student going off."

When Schmoldt arrived, he could hear yelling from inside the classroom, and saw the other students in the hallway. As he entered the room, Schmoldt saw Ennes advancing toward his teacher and teaching assistant with fists clenched. Schmoldt told Ennes to stop; Ennes turned toward Schmoldt and said, "get [the teacher] out of here, she's pissing me off."

Schmoldt convinced Ennes to sit and talk with him, but Ennes soon grew agitated again. Then Schmoldt positioned himself between Ennes and the teachers. Ennes pointed at his teacher and called her a "fucking asshole." Schmoldt told Ennes not to call her that. In response, Ennes jumped out of his seat, shouted, "fuck you, you fucking cop," threw a pencil box at Schmoldt, and then ran toward him. Schmoldt grabbed Ennes's arms and told him to calm down, but Ennes grew more angry—flailing his arms and yelling that he would "fucking kill" Schmoldt.

At this point, Schmoldt kicked Ennes in the ribs, took him to the ground, and tried to handcuff him. Ennes continued to resist, biting Schmoldt and gouging his arms and face, drawing blood. During their struggle on the floor, Ennes says, Schmoldt punched him in the head and ribs, "smashed" his head against the floor, and choked him.

Eventually, Schmoldt handcuffed Ennes's left wrist and again told him to stop fighting. Ennes tried to pull his handcuffed arm away, so Schmoldt grabbed the chain to prevent Ennes from swinging the handcuffs like an "edged weapon." With his left hand pinned, Ennes reached for Schmoldt's taser with his right hand and threatened to "fucking shoot" Schmoldt. Schmoldt pulled Ennes's hand away from the taser. Thwarted, Ennes reached around to grab Schmoldt's pistol, but Schmoldt prevented that by placing his knee on Ennes's chest.

Schmoldt then pinned Ennes's arms, ordered him to roll over, and handcuffed him. Schmoldt sat Ennes in a chair and checked the handcuffs for tightness. By then, Ennes had scratches, bruises, and swelling on his head, neck, shoulders, and arms; Schmoldt had blood dripping from a scratch on his face and gouge marks on his arms.

Schmoldt called his sergeant to report the incident, and the sergeant told him to bring Ennes to the police department. So Schmoldt walked Ennes to the school parking lot, where Ennes's grandmother was waiting nearby. Schmoldt told her that Ennes was under arrest for assault;

-3-

she responded that she was going to get Ennes's grandfather, Dan Moran, who earlier had threatened to kill Schmoldt for recommending assault charges against Ennes in 2019.

As Schmoldt and Ennes arrived at Schmoldt's police car, the handcuffs began to hurt Ennes's wrists. Schmoldt placed Ennes in the car; Ennes said "Fuck you, Dave Schmoldt" and "Take it off." Ennes continued to complain as they drove to the police station, but Schmoldt did not pull over because he saw Dan Moran following his car. When they got to the police station, a sergeant removed Ennes's handcuffs, revealing red marks on his wrists.

Soon after, the officers released Ennes to his grandparents. Schmoldt later recommended charging Ennes with assault and resisting arrest, but the prosecutor declined to bring charges, given his concerns about Ennes's competency to stand trial. Ennes thereafter brought this suit against Schmoldt and Presque Isle County, asserting excessive-force and false-arrest claims under 42 U.S.C. § 1983, as well as state-law claims. The district court later granted summary judgment for the defendants, holding that Schmoldt was entitled to qualified immunity as to the federal claims and governmental immunity as to the state-law claims. The court also determined that Ennes's *Monell* claim against Presque Isle County failed on the merits. This appeal followed.

II.

We review the district court's grant of summary judgment de novo. *Adams v. Blount County*, 946 F.3d 940, 947 (6th Cir. 2020).

A.

Ennes challenges the district court's determination that Schmoldt was entitled to qualified immunity from his excessive-force claims—one related to the physical altercation in the classroom, the other to his handcuffing. To overcome qualified immunity, Ennes must show that Schmoldt violated Ennes's constitutional rights, and that those rights were "clearly established"—

meaning that the caselaw would have made clear to Schmoldt "that his conduct was unlawful in the situation he confronted." *D.C. v. Wesby*, 583 U.S. 48, 63 (2018) (quotation omitted).

1.

Ennes claims that Schmoldt used excessive force to subdue him in the classroom, in violation of the Fourth Amendment. A police officer may use reasonable force to subdue a suspect who resists arrest. *See Rudlaff v. Gillispie*, 791 F.3d 638, 641–42 (6th Cir. 2015). The question here is whether Ennes has a case that would have put Schmoldt on notice that his actions were unreasonable under the circumstances he confronted in the classroom.

Ennes contends that Schmoldt's kick, tackle, and punches during the struggle were disproportionate to the threat Ennes posed, in part due to his mental disabilities. In the published cases that Ennes cites, however, the officers beat people who were handcuffed or who otherwise posed no serious safety risk. *See Martin v. City of Broadview Heights*, 712 F.3d 951, 955, 959–60 (6th Cir. 2013) (suspect beaten after jogging away from police and then pinned down while handcuffed); *Bennett v. Krakowski*, 671 F.3d 553, 558–60 (6th Cir. 2011) (suspect face down on the ground with hands over his head); *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 897 (6th Cir. 2004) (suspect's hands and ankles were tied together); *Phelps v. Coy*, 286 F.3d 295, 297 (6th Cir. 2002) (suspect handcuffed). Here, by contrast, Schmoldt used force against Ennes only while he was actively resisting arrest and threatening those around him. Ennes also points to a handful of unpublished cases, but these opinions cannot define clearly established law. *See Bell v. City of Southfield*, 37 F.4th 362, 367–68 (6th Cir. 2022).

Ennes also contends that Schmoldt violated his right to be free from police chokeholds. (We assume for the sake of argument that Ennes actually has evidence that would allow a jury to infer that Schmoldt used a chokehold during the struggle here—which we doubt.) Specifically,

Ennes argues that a published decision of our court—*Coley v. Lucas County*, 799 F.3d 530, 540 (6th Cir. 2015)—should have made clear to Schmoldt that a chokehold during this struggle would violate Ennes's rights. But *Coley* established only that minimally resistant and "fully restrained" pretrial detainees have a right to be free from gratuitous police chokeholds. *Id.* at 540–41. *Coley* thus bears little resemblance to the facts here. Ennes therefore has not identified any case that would have made clear to Schmoldt that the force he used during the struggle was unlawful, and so this claim fails. *See Bell*, 37 F.4th at 367–68.

Nor would any potential contradiction within Ennes's own deposition testimony change this outcome. True, Ennes initially stated that Schmoldt kicked him while Ennes sat in a classroom chair. But Ennes later said that he was standing up when Schmoldt kicked him. And—more to the point—in this appeal Ennes concedes that he was standing when kicked. *See* Reply Br. at 8–9. Ennes's counsel likewise put up little resistance to our reading of the record that the brawl began only after Ennes stood up from his chair and moved toward Schmoldt. *See* Oral Arg. 4:45-7:45. Schmoldt is entitled to qualified immunity for his takedown of Ennes.

## 2.

Ennes claims that Schmoldt handcuffed him too tightly and then ignored his complaints. In general, the "Fourth Amendment prohibits unduly tight or excessively forceful handcuffing" during an arrest. *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009). Again, we examine whether Ennes's right to looser handcuffs was clearly established.

Ennes cites *Baynes v. Cleland* for the proposition that painfully tight handcuffs violate the Fourth Amendment. 799 F.3d 600, 614 (6th Cir. 2015). In *Baynes,* the plaintiff was compliant and presented no threat to the officers. *Id.* at 604. Here, Ennes was anything but compliant; and he had already threatened to shoot Schmoldt and had tried to grab his gun. Moreover, police have

"additional leeway" in responding to a detainee's complaints when the detainee resisted arrest or threatened the officer. *See Getz v. Swoap*, 833 F.3d 646, 655 (6th Cir. 2016). And Ennes cites no case that would have made clear to Schmoldt that he exceeded his leeway here.

Once Schmoldt was underway to the police station, Ennes's grandfather—who had threatened Schmoldt's life—began tailing them. Ennes has not identified any case that made plain that Schmoldt was obligated to stop and loosen the handcuffs during this time either. Schmoldt is therefore entitled to qualified immunity as to the handcuffing claim.

B.

To prevail on his Fourth Amendment false-arrest claim, Ennes must establish that Schmoldt lacked probable cause to arrest him for a crime. *See Hartman v. Thompson*, 931 F.3d 471, 483 (6th Cir. 2019). Probable cause requires only a "reasonable ground for belief" that a crime has been committed. *United States v. Jones*, 55 F.4th 496, 501 (6th Cir. 2022) (quotation omitted). Under Michigan law, a person commits a felony when he assaults, batters, resists, or obstructs a police officer when he "knows or has reason to know" the officer is performing his duties. M.C.L. § 750.81d(1). Here, Ennes charged at Schmoldt, gouged his face, and tried to grab his gun and taser. *See People v. Nichols*, 686 N.W.2d 502, 504–05 (Mich. Ct. App. 2004). Ennes also yelled, "fuck you, you fucking cop," which shows he knew Schmoldt was a police officer. Schmoldt thus had probable cause to believe that Ennes committed a crime. The district court was therefore correct to grant summary judgment to Schmoldt on this claim.

C.

Ennes's claim against Presque Isle County—for failing to train and supervise Schmoldt—likewise fails on the merits. That claim required Ennes to show (among other things) that the county was deliberately indifferent to the risks caused by their officers' alleged lack of training or

supervision. *See Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700–01 (6th Cir. 2006). Here, Schmoldt attended annual use-of-force and handcuffing training tailored to the school setting. Ennes therefore cannot show deliberate indifference on the county's part. *See Mosier v. Evans*, 90 F.4th 541, 550 (6th Cir. 2024).

D.

Finally, we affirm the district court's grant of summary judgment to Schmoldt on Ennes's state-law claims for substantially the same reasons stated by the district court. *See* Op. at 31–33.

*　　*　　*

The district court's judgment is affirmed.

**JOHN K. BUSH, Circuit Judge, concurring.** This case turns in large part on what happened when Schmoldt and Ennes fought with each other in the classroom. Ennes made several statements that would seem to undermine Schmoldt's narrative. For example, Ennes asserted in his deposition testimony that Schmoldt kicked him in the ribs while Ennes was calmly sitting in the chair and before Ennes and Schmoldt started fighting. Schmoldt, by contrast, asserts that Ennes jumped up and attacked him. In the mine-run case, this might create a genuine dispute of material fact because an officer might have the right to use force against someone attacking him, but he plainly does not have the right to gratuitously beat a disabled child.

This is not the mine-run case, though. Ennes's deposition testimony is internally contradictory at several different points, including what seems to be the key point here—whether he was attacking Schmoldt or sitting peacefully. Just five deposition pages after Ennes testifies that he was sitting calmly when Schmoldt kicked him, Ennes testifies that he was standing when Schmoldt kicked him. That is an internal contradiction on a key point—he could not have been both standing and sitting at the same time, and him standing is entirely consistent with Schmoldt's account (corroborated by the teacher's testimony) that Ennes jumped up and attacked him. "[A] plaintiff's internally contradictory deposition testimony cannot, by itself, create a genuine dispute of material fact." *Bush v. Compass Grp. USA, Inc.*, 683 F. App'x 440, 449 (6th Cir. 2017); *cf., e.g.*, *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906 (6th Cir. 2006) ("[A] party cannot create a disputed issue of material fact by filing an affidavit that contradicts the party's earlier deposition testimony.").[1] That means that Ennes's testimony can create a genuine dispute of

---

[1] Although we have cases where we said that internally contradictory testimony could create a jury question, those cases had, *inter alia*, corroborating testimonial or physical evidence that explained the contradiction such that a rational trier of fact could adopt one of the two contradictory accounts. *See, e.g.*, *Hammitte v. Livesay*, 436 F.2d 1134,

material fact only if Ennes can explain away any contradictions in his account, and he has not done so here. Consequently, Ennes's deposition testimony is insufficient to permit a reasonable jury to find that Ennes remained seated and thus did not provoke the physical encounter with Schmoldt.

This inadequate showing by Ennes renders almost all of the other disputed points, including whether Ennes did in fact have the outburst in 2019, immaterial because they cannot change the outcome of the case. *See, e.g.*, *Rodgers v. Monumental Life Ins. Co.*, 289 F.3d 442, 448 (6th Cir. 2002) ("A complete failure of proof concerning an essential element necessarily renders all other facts immaterial."). It was therefore proper for the district court to conclude that there are no genuinely disputed issues of material fact and that defendants are entitled to summary judgment.

With these observations, I concur in the majority opinion.

---

1137 (6th Cir. 1971). Because Ennes has not offered such corroborating evidence here, cases like *Hammitte* are inapposite.